[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-3195

_____

D. C. Docket Nos. 3:96-CV-193/RV/SMN
91-CR-3054-3

BRAULIO CASTILLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 11, 2000)**

Before BLACK, Circuit Judge, FAY and GODBOLD, Senior Circuit Judges.

PER CURIAM:

Braulio Castillo, a federal prisoner, appeals the district court's denial of his

pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255.

Castillo argues that the Supreme Court decision in Bailey v. United States, 516

U.S. 137 (1995), constitutes grounds for reversing his conviction for possession of a firearm during a drug offense in violation of 18 U.S.C. § 924(c). Castillo's conviction is unaffected by the <u>Bailey</u> decision and therefore affirmed. Castillo also asserts that a prior state court conviction has been reversed and subsequently <u>nolle prossed</u>, thus warranting a recalculation of his criminal history and resentencing. However, Castillo's state court conviction was reversed in a ruling adverse to Castillo; thus, Castillo's criminal history points should not be recalculated.

"In a § 2255 proceeding, factual findings are reviewed for clear error while legal issues are reviewed <u>de novo</u>." <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996).

Castillo's attack on his § 924(c) conviction for using and carrying a firearm during the commission of a drug offense is unaffected by the <u>Bailey</u> decision.[1] In <u>Bailey</u>, the Supreme Court held that a conviction under the "use" prong of § 924(c) requires evidence that the defendant actively used a firearm during and in relation to a drug felony. <u>Bailey v. United States</u>, 516 U.S. 137, 149 (1995). Castillo

---

[1] The relevant part of § 924(c) imposes a 5-year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1).

2

argues that he could not be convicted under the use prong because he did not actively use a firearm during the drug offense. Although the evidence may not have been sufficient to convict Castillo under the "use" prong of § 924(c), the evidence was sufficient to convict Castillo under the "carry" prong of § 924(c).[2] The Supreme Court expressly recognized that a defendant may be convicted under the "carry" prong of § 924(c) even though the evidence is insufficient to convict under the "use" prong of § 924(c). Id. at 150. We have since held that, so long as the defendant was charged under both the "use" and "carry" prongs of the statute, the conviction may be sustained if the evidence proves carrying but not use. See United States v. Range, 94 F.3d 614, 616-20 (11th Cir. 1996). Therefore, because the indictment charged Castillo under both the use and the carry prongs of 18 U.S.C. § 924(c), the court instructed the jury on both prongs, and the evidence

---

[2] It is undisputed that Castillo's codefendant, Carbajal, possessed a firearm when Carbajal and Castillo were arrested. Castillo is liable for all foreseeable acts of his co-conspirator committed in furtherance of the conspiracy. See United States v. Bell, 137 F.3d 1274, 1275 (11th Cir. 1998) (holding that liability under Pinkerton v. United States, 328 U.S. 640, 646-47 (1946), continues to apply to § 924(c) offenses subsequent to Bailey). It was reasonably foreseeable that Carbajal would carry a firearm because, as we have previously stated, "weapons have become tools of the trade for those involved in the distribution of illicit drugs." United States v. Alvarez, 755 F.3d 830, 849 (11th Cir. 1985) (citation omitted).

showed that Castillo's codefendant carried a firearm during and in relation to the underlying drug offense, Castillo's conviction under § 924(c) is affirmed.

Castillo also argues that his criminal history points should be recalculated because four of his six points were the result of a Florida state conviction that was reversed and subsequently <u>nolle prossed</u>.[3] He argues that according to the United States Sentencing Guidelines, sentences that result from convictions that have been reversed, vacated, or ruled constitutionally invalid are not to be counted. U.S.S.G. § 4A1.2, Application Note 6. However, the Guidelines also state that convictions set aside "for reasons unrelated to innocence or errors of law" are to be counted. U.S.S.G. § 4A1.2, Application Note 10. Castillo's state court conviction was certainly not set aside due to Castillo's innocence, but instead in a ruling that was

---

[3] Castillo was originally charged in state court with two counts of trafficking in cocaine. The state trial court granted a pretrial motion to dismiss, reducing the charges from trafficking to simple possession. Castillo plead nolo contendre to the two possession charges. The Third District Court of Appeal found the trial court's ruling on the motion to dismiss to be in error and reversed "the trial court's reduction of the charges, as well as the proceedings that followed thereafter, and remanded for further proceedings." <u>State v. Garcia</u>, 596 So.2d 1237, 1239 (Fla. Dist. Ct. App. 1992). The trafficking charges against Castillo were reinstated, but subsequently <u>nolle prossed</u>.

adverse to Castillo.[4]  In fact, the state court reinstated more serious trafficking charges against Castillo.

Castillo argues that the state's decision to <u>nolle prosse</u> the reinstated trafficking charges is relevant in the determination of whether his sentence should be recalculated.[5]  However, the state's decision not to try Castillo on the reinstated charges is irrelevant.  Castillo pled nolo contendere to the possession charges and the district court could properly consider the conduct underlying those charges in determining Castillo's criminal history score. <u>See</u> U.S.S.G. § 4A1.3.  Therefore, because Castillo's previous conviction was reversed in a ruling adverse to him and Castillo admitted that he was guilty of the conduct underlying the prior charges, Castillo's criminal history points should not be recalculated.

---

[4] The fact that the Florida state court vacated Castillo's conviction in a ruling adverse to Castillo distinguishes this case from the Ninth Circuit decision in <u>United States v. Guthrie</u>, 931 F.2d 564 (9th Cir. 1991). Guthrie challenged his sentence on constitutional grounds and his sentence was vacated in a decision favorable to him.  Even in that case where the ruling was in favor of the defendant, the court noted that the district court had the discretion to decide "whether the conduct underlying the vacated conviction warrants an upward departure pursuant to section 4A1.3 because it provides 'reliable information' regarding the defendant's criminal past." <u>Id.</u> at 573.

[5] Although there is nothing in the record to indicate why the trafficking charges were subsequently <u>nolle prossed</u>, the United States indicated in oral arguments that the state prosecutor may not have followed up on the charges because the state prosecutor may have believed that Castillo was already imprisoned on federal charges.

The judgment of the district court is AFFIRMED.