[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16666
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 03-14333-CV-DLG & 00-14069 CR-DLG

RUBIN DEXTER BAXTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 6, 2005)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rubin Baxter, a federal prisoner serving a 235-month sentence for

possession of a firearm by a convicted felon, appeals the district court's denial on

the merits of his 28 U.S.C. § 2255 petition challenging his conviction. Baxter argues that his trial counsel was deficient for failing to file a pretrial motion to dismiss the indictment on the basis that it was not obtained within the 30 day time limit set forth in The Speedy Trial Act, 18 U.S.C. § 3161(b).[1] He argues that the relevant arrest occurred on August 30, 2000, and that the indictment was not issued until 63 days later, on November 2, 2000. Alternatively, Baxter claims that even if the magistrate was correct that the relevant arrest date was August 16, 2001, the indictment nevertheless "violate[d] the 30 day time limit for an individual to be indicted after he was arrested."

In a proceeding on a motion to vacate, we review the district court's factual findings for clear error while legal issues are reviewed *de novo*. *Castillo v. United States*, 200 F.3d 735, 736 (11th Cir. 2000).

The Speedy Trial Act provides, in part, that: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a

---

[1] Baxter also argues that the district court erred by failing to consider other claims raised in his request for a Certificate of Appealability ("COA"). However, the magistrate did consider his other claims. Although, Baxter attempts to raise these additional issues on appeal, we decline to address them because they are not within the scope of the COA. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). In his reply brief, Baxter seeks to expand the COA. We deem this argument waived. *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999)

2

summons in connection with such charges." 18 U.S.C. § 3161(b). If the indictment is filed after this time limit, the charges are to be dismissed or dropped with or without prejudice, depending on the circumstances. 18 U.S.C. § 3162(a)(1).

We have held that because the Speedy Trial Act only applies to federal prosecutions, federalism concerns require that "it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act." *United States v. Shahryar*, 719 F.2d 1522, 1524 (11th Cir. 1983) (citations omitted). We also have stated that "[f]or the time limit of the Act to commence a person must be held for the purpose of answering to a federal charge." *Id*. at 1254-55; *see United States v. Russo*, 796 F.2d 1443, 1451 (11th Cir. 1986)(citations omitted); *United States v. Bell*, 833 F.2d 272, 277 (11th Cir. 1987).

The basis of Baxter's Speedy Trial Act claim is relevant to whether his trial attorney was constitutionally deficient because counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright*, 725 F.2d 1282, 1291 (11th Cir. 1984).

Upon review of the brief and record, we find no error in this respect. The relevant arrest for purposes of this appeal occurred on August 16, 2001, such that the "speedy trial clock" began to run on that date. Specifically, Baxter's arrest on

August 30, 2000, was by two St. Lucie County, Florida, sheriff's deputies who took him into state custody. His reliance on the fact that the arrest was in the course of a multi-agency task force patrol is unconvincing because: (1) both agencies involved in the task force were state agencies; and (2) even if a federal agency had been involved in the investigation, it still could have been considered a state arrest. *See Russo*, 796 F.2d at 1451. Accordingly, August 16, 2001, is the date upon which he was taken into federal custody pursuant to a federal indictment and arrest warrant. *See Shahryar*, 719 F.2d at 1542-25.

Baxter's alternative argument that § 3161(b) was violated because his August 16, 2001, arrest occurred more than 30 days after the federal indictment was issued is also without merit. The plain language of that section provides that the time period begins to run "from the date on which such individual was arrested." 18 U.S.C. § 3161(b). Because the indictment was not issued more than 30 days after his arrest, Baxter's trial counsel was not ineffective for failing to raise this issue. *See Alvord*, 725 F.2d at 1291. Therefore, we affirm the district court's denial of Baxter's § 2255 petition.

**AFFIRMED.**