[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2006
THOMAS K. KAHN
CLERK

No. 04-14432
Non-Argument Calendar

_____

D. C. Docket No. 03-03942-CV-TWT-1

DAVID EARL WATTLETON,

Petitioner-Appellant,

versus

ARTHUR F. BEELER, Warden,
Federal Medical Center-Butner,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 14, 2006)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

David Earl Wattleton, proceeding pro se, appeals the district court's dismissal of his pro se 28 U.S.C. § 2241 petition, construed as a motion to vacate, correct, or set aside a sentence, 28 U.S.C. § 2255, as impermissibly successive. On appeal, he argues that because he was found not guilty only by reason of insanity and subsequently committed, he is not a prisoner in custody for purposes of § 2255, and thus § 2241 was the appropriate avenue for relief. Wattleton previously filed a § 2255 motion, raising the same claims he raises in his § 2241 petition, which the district court denied and we affirmed.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). In a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and the legal issues de novo. Castillo v. United States, 200 F.3d 735, 736 (11th Cir. 2000).

A person committed after having been found not guilty by reason of insanity is not precluded from establishing by writ of habeas corpus the illegality of his detention. 18 U.S.C. § 4247(g). Section 2255 is the primary method to collaterally attack a federal sentence. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). Attacks on the execution, rather than the imposition, of a sentence are a matter for habeas corpus review under § 2241. Bishop v. Reno, 210 F.3d 1295,

1304 n.14 (11th Cir. 2000). Under the savings clause of § 2255, a federal prisoner may bring a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Wofford v. Scott, 177 F.3d 1236, 1238-39 (11th Cir. 1999). However, a petitioner who has filed and was denied a § 2255 motion may not circumvent the successive-petition rule simply by filing a petition under § 2241. Wofford, 117 F.3d at 1245.

A federal prisoner seeking to file a second or successive § 2255 motion must first seek authorization from us in order for the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Here, it was reasonable for the district court to construe Wattleton's § 2241 petition as a § 2255 motion. Wattleton, who is in federal custody, was attacking the legality of his detention, not how it was being carried out, and § 2255 is the primary vehicle for doing this. Although Wattleton argues on appeal that since he was adjudicated not guilty only by reason of insanity, he is not a "prisoner" attacking his "sentence" and therefore cannot proceed under § 2255, he previously filed a § 2255 motion, raising the same claims he now raises in his § 2241 petition. The district court accepted that as a § 2255 motion and ruled on it. We, in turn, affirmed the district court's dismissal of his earlier § 2255 motion, accepting Wattleton's implicit representation that his claims were properly pursued under § 2255. Wattleton cannot now be heard to argue that

3

his claims are not properly brought under § 2255;[1] he cannot circumvent the prohibition on successive petitions simply by filing under § 2241. Thus, the same rules regarding collateral attack of sentences apply to Wattleton. He previously tried to establish the illegality of his detention through his initial motion, designated as one under § 2255, and he cannot now reargue those same claims in a second petition, regardless of whether it is labeled as one under § 2241 or § 2255.

The only way that Wattleton could proceed under § 2241 would be to show that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." Wattleton has raised his § 2241 claims regarding both on direct appeal and collateral attack. All of these claims were ruled on. Since Wattleton has had all his claims addressed, he has not shown how a § 2255 remedy is inadequate or ineffective to test the legality of his sentence. As such, the district court correctly construed his § 2241 petition as a § 2255 motion. Since Wattleton had previously filed a § 2255 motion that had been considered on the merits, the district court correctly characterized his present motion as impermissibly successive.

Since Wattleton sought to challenge the validity of his detention, did not

---

[1] Thus we decline to address Wattleton's argument that he is not a federal "prisoner," that his claims were improperly brought before under § 2255, and that he should be entitled to proceed with the same claims under § 2241. We have not previously addressed whether a person committed after being found not guilty by reason of insanity may proceed under § 2255. However, for the reasons discussed, we need not reach that issue in this case.

satisfy the savings clause of § 2255, and did not seek our permission to file a

second successive petition, we affirm.

**AFFIRMED.**[2]

---

[2] Wattleton's motion to file his reply brief out of time is granted. However, we decline to address any new arguments that are presented for the first time in the reply brief.