[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15244
Non-Argument Calendar

_____

D. C. Docket Nos. 04-02161-CV-T-24-MAP & 01-00147-CR-T-2

THOMAS JEROME COOK,

                                                          Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 17, 2006**)

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Thomas Jerome Cook, a federal prisoner serving a 360-month sentence for

possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), appeals, pro se, the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability on the following issues:

(1) Whether the district court erred by determining that this Court on direct appeal had foreclosed Cook's argument in his § 2255 motion that his trial counsel was ineffective for failing to object to a duplicitous indictment when Cook did not raise that argument on direct appeal;

(2) Whether the district court erred by failing to address Cook's claims that trial counsel improperly subjected him to plain-error review on appeal by failing to preserve issues regarding (a) the allegedly false testimony of Deputy Johnson, a government witness; and (b) the prosecutor's alleged improper vouching for government witnesses during closing arguments; and

(3) Whether the district court erred by determining that trial counsel was not ineffective for providing erroneous advice regarding the offenses charged in the indictment and failing to adequately advise Cook regarding whether he should accept the government's plea offer.

When reviewing the denial of a § 2255 motion, we review a district court's factual findings for clear error and legal issues de novo. *Castillo v. United States*, 200 F.3d 735, 736 (11th Cir. 2000) (per curiam). We review an ineffective-assistance-of-counsel claim de novo. *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc). Generally, an issue that has been raised and decided on direct appeal is not subject to review in a § 2255 proceeding. *See*

2

*United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).

To demonstrate ineffective assistance of counsel, a prisoner first "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Second, the prisoner must establish "that the deficient performance prejudiced the defense." *Id.*

To prove *Strickland*'s deficient performance prong, the prisoner must show that counsel made errors so serious that he or she was not functioning as the counsel the Sixth Amendment guarantees. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential. . . . , [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689, 104 S. Ct. at 2065.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067.

The Supreme Court has held that *Strickland*'s two-part test also applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v.*

*Lockhart*, 474 U.S., 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). *Hill* further held that, in order to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59, 106 S. Ct. at 370. We have held that "after the fact testimony concerning [a] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice . . . he would have accepted the plea offer." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991).

## I. Duplicitous Indictment

On appeal, Cook argues that the district court erred in determining that he raised on direct appeal his duplicitous indictment claim, which was based on the jury's consideration of both the drugs found in his house and the drugs found in his truck, thus precluding the court from considering it in his § 2255 motion. Cook argues that because the district court failed to consider his claim, we should remand the issue based on *Clisby v. Jones*, 960 F.2d 925, 927-28, 934 (11th Cir. 1992) (en banc) (instructing district courts to "resolve all constitutional claims raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [] before granting or denying relief").

Although we addressed Count 3 of Cook's indictment regarding whether it

was proper for the jury to consider the drugs in his truck on direct appeal, we never addressed duplicity. *See United States v. Cook*, 11th Cir. 2003, ___ F.3d ___ (No. 02-13232, April 1, 2003). The district court's error did not violate *Clisby*, however, because the court addressed Cook's claim, although it incorrectly determined that Cook had previously raised the same argument on direct appeal. Despite the district court's error, we may affirm on any ground the record supports. *See United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996).

We have noted that accusations involving "charges under two distinct statutes carrying separate penalties and involving different evidence" constitutes a duplicitous indictment. *United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982). In *Ramos*, the appellants sought to strike as duplicitous the initial count of the indictment, which charged them with "conspiring to possess and to distribute methaqualone." *Id*. at 473. Although Count 1 of the indictment charged one crime, conspiracy under 21 U.S.C. § 846, which had "two goals-possession and distribution," the appellants claimed that Count 1 was duplicitous because it charged two conspiratorial objectives. *Id*. We held that the indictment was not duplicitous because "the appellants were charged with and sentenced for violating one statute only, 21 U.S.C. § 846, and [] the required proof was limited to a lone agreement among the members of one group to consummate a single

5

transaction: the sale of methaqualone to [a DEA agent]." *Id*. at 474.

As in *Ramos*, Cook was charged with violating one statute, 21 U.S.C. § 841, and the required proof was limited to possession of cocaine base on February 7, 2001.[1] Although the district court considered the drugs in both the house and in the truck, Cook has cited no authority that it was impermissible for the district court to consider this evidence or charge it in one count. Therefore, because it appears that the indictment was not duplicitous, counsel's performance was not deficient, and we affirm as to Issue 1. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also United States v. Folks*, 236 F.3d 384, 391-92 (7th Cir. 2001) (holding that an indictment was not duplicitous when it charged that defendant, on or about a specified date, had possessed a controlled substance with intent to distribute it, because defendant's guilt could have been proved by numerous scenarios including evidence that drugs had been found within the defendant's residence and drug residue previously had been found on sandwich bags in residence's trash cans); *United States v. Washington*, 127 F.3d 510, 513 n.3 (6th Cir. 1997) (holding that an indictment was not duplicitous when the government offered proof of two separate drug transactions involving each defendant on the

---

[1]Although the indictment itself is not in the record, in our previous decision on direct appeal we described the indictment with enough specificity that we can rely on that description as record evidence of the indictment's contents in this appeal. *United States v. Cook*, 11th Cir. 2003, ___ F.3d ___ (No. 02-13232, Apr. 1, 2003).

6

same day and either transaction could have provided the predicate for a conviction for possession with intent to distribute crack cocaine).

## II. Counsel's Failure to Object to False Testimony And Closing Statement

Cook also argues that the district court failed to address his claims regarding whether his trial counsel was ineffective for not objecting to Deputy Johnson's allegedly false testimony and for not objecting to the prosecutor's improper statements at closing. Cook contends that these failures subjected him to plain-error review on appeal. He argues that we should remand in light of *Clisby* because the court never addressed in his § 2255 motion whether counsel was ineffective for failing to object and preserve the issue on appeal.

The district court's error does not violate *Clisby*, however, because the district court addressed Cook's claim in his § 2255 motion, although it incorrectly determined that Cook had previously raised the same arguments on direct appeal. Nevertheless, the district court erroneously found that we considered and rejected these claims on direct appeal. Although we did state on direct appeal that the prosecutor's improper remarks during closing argument did not prejudice Cook, the district court did not consider whether counsel was ineffective for subjecting Cook to plain-error review on direct appeal. *United States v. Cook*, 11th Cir. 2003, ___ F.3d ___ (No. 02-13232, Apr. 1, 2003). The district court also erred in

7

determining that we considered Cook's argument concerning Deputy Johnson's testimony on direct appeal because we did not consider that argument at all. *Id*. Therefore, we vacate and remand to allow the district court to consider Cook's claims concerning whether his counsel was ineffective for failing to object to the prosecutor's remarks and Deputy Johnson's testimony and the effect of plain-error review on those issues.[2]

### III. Counsel's Erroneous Advice

Cook further argues that the district court erred in finding that his trial counsel was not ineffective for providing erroneous advice regarding whether he was charged with only the drugs found in the house or also with the drugs found in his truck. Clark contends that this advice led him to reject the government's plea offer when he would have otherwise accepted it.

Cook also filed a motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), which is at issue in the present appeal, arguing that: (1) counsel misinformed him about the drugs found in the truck; (2) he would have accepted the plea offer had counsel not made the misleading statement; and (3) the district court applied the wrong standard for determining prejudice. He also submitted new statements

---

[2]Unlike in Issue I, there is not enough evidence in the record to substantiate the government's claims that counsel's performance was not ineffective based on the strong evidence against Cook because the trial transcripts are not in the record.

from himself and his father supporting these arguments. The district court denied the motion for reconsideration and motion to submit the new statements.

Here, although Cook asserts that he would have accepted the plea offer but for counsel's statements regarding the drugs in the truck, the only supporting evidence that Cook provided in the record was his own statement after the fact. Therefore, Cook's evidence was insufficient. *See Diaz*, 930 F.2d at 835. In addition, the district court properly denied Cook's motion for reconsideration and motion to submit new affidavits because the evidence was available during the pendency of the § 2255 motion. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam). Thus, because Cook did not demonstrate that his counsel's advice prejudiced him, we affirm the district court as to Issue 3. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

## IV. Conclusion

Although the district court failed to address properly Cook's arguments concerning whether counsel was ineffective for failing to object to a duplicitous indictment, we affirm Issue I because the indictment was not duplicitous. We vacate and remand Issue II, however, because the district court failed to address completely Cook's arguments regarding whether his trial counsel was ineffective for failing to object to both a witness's testimony and the prosecutors remarks and

9

because the record does not demonstrate whether counsel's performance was deficient and prejudicial. Because Cook failed to demonstrate that his trial counsel's allegedly erroneous advice prejudiced him, we affirm Issue 3.

**AFFIRMED in part, VACATED and REMANDED in part.**