[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2007
THOMAS K. KAHN
CLERK

No. 06-14022
Non-Argument Calendar

_____

D. C. Docket No. 06-21520-CV-PCH

CHARLES FRANK WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 8, 2007**)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Charles Frank Williams, a pro se federal prisoner, appeals the district court's

dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.[1]  The district court dismissed Williams's petition without prejudice as a successive 28 U.S.C. § 2255 motion to vacate.  After review, we affirm.[2]

## I.  BACKGROUND FACTS

Williams was indicted on drug distribution charges in two counts, in violation of 21 U.S.C. § 841(a)(1) (Counts I & II), with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count IV), and with knowingly and willfully possessing counterfeit federal reserve notes with intent to defraud, in violation of 18 U.S.C. § 472 (Count V).  Count III, the only conviction at issue in this appeal, charged Williams with "using and carrying" firearms, and aiding and abetting his co-defendant in the "using and carrying" of firearms, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2.  Williams entered a conditional guilty plea to all five counts, reserving for appeal only the issue of the denial of his motion to suppress evidence.

During the plea colloquy, the government made a proffer of the facts

---

[1]Williams filed his § 2241 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the provisions of the AEDPA govern this appeal.

[2]The availability of habeas relief under § 2241 presents a question of law that we review de novo.  Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

supporting the guilty plea.  In relevant part to Count III, the government stated that the Suwanee County Sheriff's Department pulled over a Ford Bronco owned by Williams for failing to display a license plate.  Williams's co-defendant, Lee Oliver Edmond, was driving, and Williams was riding in the passenger seat.  After officers learned that Williams was a convicted felon, Williams told them that they could not search his car because it contained a firearm.  The officers arrested Williams for being a felon in possession of a firearm.  A subsequent search of the Bronco found 200 grams of cocaine base, four grams of cocaine powder, a set of scales, razor blades, two firearms and a box of ammunition.  One firearm, a loaded Browning model Hi-Power .9 mm pistol, was found in the center console between the driver and passenger seats.  The other firearm found in the Bronco was an AA Arms model AP-9 .9 mm pistol.

After hearing the government's proffer, Williams agreed that the facts were true.  Williams also admitted that he had "carried" a firearm while committing the drug trafficking crime charged in Count I, as follows:

> THE COURT: On or about August 22, 1991, in Suwanee County, in the Middle District of Florida, did you commit the drug trafficking crime, that is, count one having to do with the crack cocaine, when you were possessing that cocaine with intent to distribute it, cocaine base, did you at that time knowingly use or carry a firearm described in the indictment , that is a Browning model Hi-Power .9 millimeter pistol and a AA Arms model AP-9 .9 millimeter pistol?
> DEFENDANT WILLIAMS: Yes, sir.

3

THE COURT: And do you admit that you carried that pistol while you were also guilty of and in the process of committing the crime in count one?
DEFENDANT WILLIAMS: Yes, sir.

On February 14, 1992, the district court sentenced Williams to a 200-month sentence on Counts I and II, a 120-month sentence on Count IV, 180-month sentence on Count V, all to run concurrently. The district court sentenced Williams to a consecutive 5-year sentence on Count III.

Williams appealed, challenging the district court's ruling on his motion to suppress. This Court affirmed Williams's conviction. United States v. Williams, No. 92-2191 (11th Cir. Oct. 21, 1992). The Supreme Court denied certiorari on February 22, 1993.

On April 29, 1993, Williams filed a § 2255 motion to vacate his sentence, which the district court denied on August 6, 1993. Williams filed an appeal of that denial, which appeal this Court dismissed on April 29, 1998. Williams v. United States, No. 93-3191 (11th Cir. Apr. 29, 1998).

On December 6, 1995, the Supreme Court decided Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995). In Bailey, the Supreme Court concluded that a conviction under § 924(c)'s "use" prong, as distinct from the "carry" prong, requires "active employment," such as "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm," as opposed to

4

mere possession. Bailey, 516 U.S. at 148, 116 S. Ct. at 508; see also Castillo v. United States, 200 F.3d 735, 736-37 (11th Cir. 2000).

On March 18, 2004, Williams filed the instant § 2241 petition, raising a claim based on Bailey.[3] A magistrate judge's report and recommendation ("R&R") recommended that Williams's petition be dismissed as a successive § 2255 motion and concluded that § 2255's savings clause did not apply. Over Williams's objections, the district court dismissed Williams's petition without prejudice based on the reasons in the R&R. We granted Williams a certificate of appealability on the issue of "[w]hether the district court erred by concluding that appellant could not challenge his conviction and sentence through the savings clause of 28 U.S.C. § 2255, in light of the standard set forth in Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999)."

## II. DISCUSSION

On appeal, Williams does not dispute that he filed a prior § 2255 motion in 1993. Instead, Williams argues that § 2255's savings clause applies to his § 2241 petition. Specifically, Williams contends that he was convicted of using a firearm during and in relation to a drug trafficking offense, under 18 U.S.C. § 924(c), in

---

[3]Williams's § 2241 petition was filed in the Southern District of Mississippi, but was transferred to the Southern District of Florida, where Williams was incarcerated at the time.

violation of the Supreme Court's decision in Bailey.[4]

To fall within the savings clause, a prisoner must show that an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Rather, under Wofford v. Scott, the savings clause applies to a claim when: (1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the prisoner was convicted for a non-existent defense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the prisoner's trial, appeal or first § 2255 motion. Id. at 1244. A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Id. at 1244 n.3.

The parties do not dispute that Williams's Bailey claim satisfies the first and third prongs of the Wofford test. Bailey was decided after Williams's § 2255 motion was denied and is retroactively applied to cases on collateral review. See Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998).

---

[4]At the time of Williams's conviction, § 924(c) imposed a five-year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1) (1993).

Furthermore, prior to Bailey, our Circuit interpreted § 924(c)'s "use" prong to include possession that did not include active employment of the firearm. See, e.g., United States v. Poole, 878 F.2d 1389, 1393 (11th Cir. 1989). Thus, the issue on appeal in this case is whether Williams established the second prong, that is, that he was convicted of an offense made non-existent by Bailey. We conclude that he did not.

Bailey applies only to defendants who are convicted of using a firearm and not to defendants who are convicted of carrying a firearm. See Castillo, 200 F.3d at 737; Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to satisfy his burden under the Wofford test, Williams was required to show that he was convicted of using a firearm.

However, Williams's indictment and the transcript of his plea colloquy make clear that Williams pled guilty to "carrying" a firearm during the commission of a drug trafficking offense. Specifically, Williams's indictment charged that Williams "knowingly did use and carry . . . firearms" and he admitted during his plea colloquy to carrying one of the pistols charged in the indictment. Furthermore, the facts proffered by the government and admitted by Williams during his plea show that Williams knowingly transported the firearms in his car, which was being used as a drug distribution center. These facts are sufficient to support a conviction for carrying a firearm during and in relation to a drug

7

trafficking crime. See Tannenbaum, 148 F.3d at 1263 ("In order to convict a defendant for 'carrying' a firearm, it is necessary only to show that the defendant knowingly carried a gun in a car that was being used as a drug-distribution center."); Castillo, 200 F.3d at 737 (explaining that, since Bailey, "so long as the defendant was charged under both the 'use' and 'carry' prongs of the statute, the conviction may be sustained if the evidence proves carrying but not use").[5] Williams's offense of conviction fell under the "carry" prong of § 924(c), not under the "use" prong. Thus, Williams has failed to show under the second prong of Wofford that he was convicted of a non-existent offense. As a result, he has also failed to "open the portal" to § 2241. See Wofford, 177 F.3d at 1244 n.3. Therefore, the district court did not err by dismissing Williams's § 2241 petition.

**AFFIRMED.**

_____

[5]In his § 2241 petition, Williams states that one "firearm was discovered in the vehicle's locked center console in a black leather hand bag and a second firearm was discovered in the vehicle's luggage department in the very rear of the vehicle in a locked black briefcase." Thus, even under the facts Williams alleged in his § 2241 petition, Williams "carried" the firearms within the meaning of § 924(c).