[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14509
Non-Argument Calendar

_____

D. C. Docket No. 06-21520-CV-PCH

CHARLES FRANK WILLIAMS,

Petitioner-Appellant,

versus

M. PETTIFORD,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 13, 2007)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Charles Frank Williams, a federal prisoner, appeals pro se the denial of two

pro se post-judgment motions, which sought reconsideration of the district court's order dismissing his 28 U.S.C. § 2241 petition. After review, we affirm.

## I. BACKGROUND

Williams pled guilty to, inter alia, "using and carrying" a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2. In 1992, Williams's conviction was affirmed on direct appeal. In 1993, the district court denied Williams's first 28 U.S.C. § 2255 motion to vacate his sentence. Thereafter, the Supreme Court decided Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995). In Bailey, the Supreme Court concluded that the "use" prong of § 924(c), as distinct from the "carry" prong, required active employment of the firearm – through such actions as brandishing, displaying, bartering, striking with or firing the firearm – rather than mere possession. See Bailey, 516 U.S. at 148, 116 S. Ct. at 508.

After Bailey, Williams filed his § 2241 petition, arguing that he was innocent of his § 924(c) conviction because he did not "use" a firearm as defined in Bailey. The district court dismissed Williams's § 2241 petition as a successive § 2255 motion to which the savings clause in § 2255 did not apply.

Less than ten days following the entry of the district court's dismissal order, Williams filed the two instant post-judgment motions. The first motion, titled

2

"Motion for Immediate Release Cause Facts of Case Prove Petitioner Actually Innocent," re-argued that, based on <u>Bailey</u>, Williams had been wrongly convicted of "using" a firearm. The second motion, titled "Motion for Court and Respondant [sic] To Acknowledge Procedural Facts of this Case That Also Allow Petitioner To Proceed," argued that Williams had been unable to raise his <u>Bailey</u> claim in his earlier motions for post-conviction relief.

Before the district court could rule upon Williams's two post-judgment motions, Williams filed a notice of appeal designating only the district court's order dismissing his § 2241 petition. The district court then denied Williams's post-judgment motions, concluding that it had been divested of jurisdiction by Williams's filing of the notice of appeal. Williams filed a second notice of appeal designating the district court's order denying his post-judgment motions.

This Court affirmed the district court's order dismissing Williams's § 2241 petition as a successive § 2255 petition. Specifically, the Court concluded that Williams was not convicted of "using" a firearm, but rather had been convicted under the "carry" prong of § 924(c), which remained unaffected by <u>Bailey</u>. <u>Williams v. United States</u>, No. 06-14022, 2007 WL 433523, at *3 (11th Cir. Feb. 8, 2007). However, due to the separate notices of appeal, the Court did not address the propriety of the district court's denial of Williams's post-judgment motions for

3

reconsideration.  We address that issue now.

## II. DISCUSSION

On appeal, Williams primarily argues yet again that, after Bailey, he is actually innocent of "using" a firearm under § 924(c).  However, this Court already rejected this argument in resolving Williams's appeal of the dismissal of his § 2241 petition, and we will not address this issue further.  See Williams, 2007 WL 433523, at *3.

In addition, the district court did not abuse its discretion in denying Williams's post-judgment motions.  Because Williams's pro se post-judgment motions were filed within ten days of the district court's dismissal order and addressed the merits of the district court's decision, they are properly characterized as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  See Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988).  Furthermore, Williams's second post-judgment motion asserted essentially the same grounds and was merely a supplement to his first post-judgment motion.

We review the denial of a Rule 59 motion for abuse of discretion.  Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006).  The district court denied Williams's motions because it believed it lacked jurisdiction to rule on them after Williams filed his notice of appeal.  A premature notice of appeal does not divest the district

4

court of jurisdiction to rule upon a timely-filed Rule 59(e) motion. See Gibbs v. Maxwell House, Div. of Gen. Foods Corp., 701 F.2d 145, 147 (11th Cir. 1983) (concluding that "any notice of appeal filed before the district court decides [a] Rule 59 motion is ineffective, [and this Court] lacks jurisdiction until the Rule 59 motion is decided"); Fed. R. App. P. 4(a)(4)(B) (providing that a notice of appeal filed before the district court disposes of a tolling motion, such as a Rule 59(e) motion, becomes effective only after entry of the district court's order disposing of the tolling motion).

Nonetheless, we affirm the district court's denial of Williams's Rule 59(e) motions because those motions only re-argued issues raised in Williams's initial § 2241 petition and amounted to an impermissible second "bite at the apple." See Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (explaining that the purpose of a Rule 59(e) motion "is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment" (quotation marks omitted)). For this reason, we affirm the district court's denial of Williams's Rule 59(e) motions.

**AFFIRMED.**