[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2008
THOMAS K. KAHN
CLERK

No. 05-12310
Non-Argument Calendar

_____

D. C. Docket No. 04-23148-CV-JEM

FREDDIE LEE SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,
Loren Grayer, Warden at FCI-Miami,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 1, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Freddie Lee Smith, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which was construed as a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255, as impermissibly successive, and the denial of his motion for rehearing, which the district court construed as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. On appeal, Smith argues that he is entitled to file a § 2241 petition through § 2255's savings clause because (1) he is relying on Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764 (2002), which provides a new rule of constitutional law that is retroactively applicable, and (2) his case is within the spirit of Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), even though it may not meet all three requirements set forth in Wofford. For the following reasons, we AFFIRM.

## 1. BACKGROUND

Smith is serving a life sentence for conspiracy to possess cocaine with intent to distribute. In December 2004, he filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Smith acknowledged in his petition that he had previously filed more than one § 2255 motion, and attached a copy of a decision by this court denying an application for leave to file a second or successive § 2255 motion, but he argued that his claims involved a "fundamental defect" in his sentencing,

2

triggering the savings clause of § 2255. (R1-1 at 3-4). Smith claimed that (1) the sentence for his federal conviction was unconstitutionally enhanced based on a state conviction from 1978 that was obtained in violation of his right to counsel under the Sixth Amendment, in light of the Supreme Court's decision in Shelton; (2) his counsel in his federal trial was ineffective because the issue of whether Smith was represented by counsel in his 1978 state conviction was never investigated; (3) he was actually innocent of 1978 state conviction because he was charged with possession of cannabis, but the substance was actually parsley; (4) the trial court in the 1978 proceedings misadvised Smith that his conviction and sentence to 18 months of probation could not be used against him in a later case; and (5) the 1978 offense does not constitute a conviction under Florida law because he pled nolo contendere and adjudication was withheld.

A magistrate judge issued a report recommending the dismissal of Smith's peition. The magistrate judge found that the court did not have jurisdiction to review the expired state sentence because Smith did not meet the "in custody" requirement as to that sentence. (R1-4 at 1). Therefore, the magistrate judge construed Smith's § 2241 petition as a § 2255 motion to vacate, attacking his current federal judgment and sentence. The magistrate judge then found that Smith had filed four prior motions to vacate that sentence and had failed to obtain

3

authorization from this court to file his current motion as required by 28 U.S.C. § 2244(b)(3)(A). The magistrate judge noted that the savings clause cited in Wofford does not allow a petitioner to bypass the requirement of obtaining permission to file a successive motion to vacate. He also noted that Smith's successive motion was barred by § 2244's one-year statute of limitations. Smith filed objections to the magistrate judge's report and recommendation. Smith argued that (1) the savings clause applies to claims involving a fundamental defect where the petitioner did not have an opportunity to obtain a judicial correction of the defect earlier and where the petitioner is actually innocent, and (2) his present action should be considered his first § 2255 motion because none of his previous motions were denied on the merits.

The district court adopted the magistrate judge's report and recommendation over Smith's objections. The district court found that Smith's petition should be construed as a motion to vacate pursuant to § 2255 and conducted a de novo review of the issues presented by Smith's objections. Without expressly discussing Wofford or § 2255's savings clause, the district court determined that it lacked jurisdiction because Smith had not been authorized by this court to file a successive motion, and that Smith's petition does not fall under any of the exceptions that render subsequent motions non-successive.

4

Smith then filed a motion for rehearing. Smith noted that § 2241 may be utilized by a federal prisoner to challenge the legality of his sentence if he can meet the requirements of § 2255's savings clause, and argued that he can meet those criteria because <u>Shelton</u> created a new rule of constitutional law that is retroactively applicable.[1] He also argued that the district court erred in determining that his motion was successive because his previous motions had not been adjudicated on the merits, and therefore did not need to be authorized by this court. The district court construed this motion as a Rule 59(e) motion to alter or amend the judgment and denied it, finding that Smith failed to meet his burden showing that there was a change in the law, new evidence, a clear legal error, or manifest injustice.

Smith filed a notice of appeal, which the district court construed as a motion for a certificate of appealability ("COA"). The district court found that Smith did not make a substantial showing that he was denied a constitutional right and did not issue a COA. However, we granted the COA on the limited issue of whether "the district court erred in dismissing [Smith's] 28 U.S.C. § 2241 petition as an impermissible second or successive 28 U.S.C. § 2255 motion and denying

---

[1] In <u>Shelton</u>, the Supreme Court held that "a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." <u>Shelton</u>, 535 U.S. at 658, 122 S. Ct. at 1767.

[Smith's] motion for rehearing, construed as a Fed.R.Civ.P. 59(e) motion, without applying the [] test in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)."

## II. DISCUSSION

Whether a federal prisoner is eligible for habeas relief under § 2241 presents a question of law that we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) (per curiam). Typically, such a prisoner must collaterally attack the validity of a federal conviction or sentence through a motion under § 2255. Id. at 944-45. However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to § 2241. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). That provision, known as the "savings clause," provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶ 5. Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective. Id.

We have established that the savings clause applies when: (1) the

6

petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision establishes that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The savings clause only applies if the petitioner has satisfied all three elements, and we may not reach the merits of a petitioner's claim unless he has "open[ed] the portal to a § 2241 proceeding" by meeting the Wofford test. Id. at 1244 n.3. If we can reach the merits of a claim, the proper inquiry is whether the petitioner can establish actual innocence to overcome his procedural default for not raising his claim earlier. Id. "[O]nly sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245. The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam). Finally, we may affirm the district court's judgment on any ground that finds support in the record. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

In this case, Smith alleges that his federal sentence for conspiracy to possess cocaine with intent to distribute was enhanced by a state conviction that was

7

obtained in violation of his right to counsel under the Sixth Amendment, and of which he was actually innocent. Smith has filed several previous § 2255 motions challenging his state conviction. Although the district court erred by not explicitly analyzing Smith's petition under the Wofford test, we conclude that Smith has not made the necessary showing to invoke the savings clause because he has not met his burden to establish each of the three prongs of the test.

In Howard v. United States, 374 F.3d 1068, 1081 (11th Cir. 2004), we stated that Shelton recognized a new right which is retroactively applicable on collateral review, so Smith's petition meets the first prong of the Wofford test. However, even if Shelton applies to Smith's prior state conviction and sentence, he cannot meet the second prong of the test. Smith correctly acknowledges that his petition "may not" satisfy the second prong of the Wofford test. (Appellant's Br. 15). Shelton does not render non-existent the offense for which Smith was convicted, possession of marijuana. Instead, Smith merely alleges that his sentence was unconstitutionally enhanced by that conviction. Consequently, we do not need to examine whether Smith's petition meets third prong of the Wofford test. Wofford, 177 F.3d at 1245. Smith's argument that his case falls within the spirit of Wofford is unpersuasive, as we have made clear that all three prongs of the test must be satisfied. Id. at 1244. Because Smith fails to meet the second prong of the

8

<u>Wofford</u> test, he is not able to proceed under § 2255's savings clause, and he cannot use a § 2241 petition to circumvent the requirements of § 2255. He has not opened the portal to a § 2241 proceeding, and we cannot consider the merits of his petition. <u>Id.</u> at 1244 n.3.

Finally, in a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and the legal issues <u>de novo</u>. <u>Castillo v. United States</u>, 200 F.3d 735, 736 (11th Cir. 2000) (per curiam). Because the legal issues raised by Smith's appeal from his Rule 59(e) motion to alter or amend the judgment are identical those raised by his motion to vacate, correct, or set aside sentence, Smith likewise has not carried his burden in that aspect of his appeal. Accordingly, we affirm the district court.

### III. CONCLUSION

Freddie Lee Smith appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which was construed as a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255, as impermissibly successive, and the denial of his motion for rehearing, which the district court construed as a motion under Rule 59(e) to alter or amend the judgment. On appeal, Smith argues that he is entitled to file a § 2241 petition through § 2255's savings clause because <u>Shelton</u> provides a new rule of constitutional law that is retroactively applicable, and his case is within

9

the spirit of <u>Wofford</u>. The district court correctly dismissed Smith's petition because it clearly fails the second prong of the <u>Wofford</u> test.

**AFFIRMED.**