[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

No. 09-13878
Non-Argument Calendar
_____

D. C. Docket No. 99-00306-CR-TWT-1

DAVID EARL WATTLETON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

David Earl Wattleton appeals the district court's dismissal of his motion for

relief from the judgment. After review, we vacate and remand for further consideration consistent with this opinion.

In 1999, Wattleton was indicted on four counts of making bomb threats, in violation of 18 U.S.C. § 844(e). A jury found Wattleton not guilty by reason of insanity. The district court held a hearing regarding Wattleton's potential danger to society and ordered Wattleton committed to a mental health facility, pursuant to 18 U.S.C. § 4243. On direct appeal, this Court affirmed both the jury's verdict and the district court's dangerousness determination. See United States v. Wattleton, 296 F.3d 1184 (11th Cir. 2002).

In 2002, Wattleton filed a 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of appellate counsel on direct appeal. The district court denied Wattleton's § 2255 motion, and this Court affirmed. Wattleton v. United States, No. 03-10422 (11th Cir. Oct. 27, 2003). Wattleton's subsequent 28 U.S.C. § 2241 motion was dismissed as a successive § 2255 motion, and this Court affirmed. See Wattleton v. Beeler, 186 F. App'x 852 (11th Cir. 2006).

In 2009, Wattleton filed the instant motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). Wattleton's motion argued that

the district court's 2002 order denying his first § 2255 motion is void for lack of subject-matter jurisdiction because Wattleton's civil commitment order cannot be attacked in a § 2255 proceeding. The district court denied Wattleton's Rule 60(b)(4) motion because Wattleton did not bring the motion within a "reasonable time," as required by Rule 60(c)(1).

This Court granted a certificate of appealability on the issue of: "Whether the district court erred when it denied [Wattleton's] motion, filed pursuant to Fed. R. [Civ.] P. 60(b)(4), because it was not filed within a reasonable time, in light of Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir. 1994)?" In Hertz, we concluded that a Rule 60(b)(4) motion raising a jurisdictional defect in the judgment is not subject to Rule 60's reasonable time limitation. Id.[1]

On appeal, the government concedes, and we agree, that the district court erred when it denied Wattleton's Rule 60(b)(4) motion as untimely filed. Wattleton's motion argued that the judgment on his § 2255 motion is void due to a jurisdictional defect. Under Hertz, such a motion may be made at any time. Accordingly, we vacate and remand the case to the district court for further consideration of Wattleton's Rule 60(b)(4) motion.

**VACATED AND REMANDED.**

---

[1]We review de novo a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).